# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF GEORGIA
# SAVANNAH DIVISION

| | |
|---|---|
| MAVERICK ENTERTAINMENT GROUP, INC. | )<br>)<br>) |
| Plaintiff, | )<br>) |
| v. | )   CIVIL ACTION<br>)   NO. 4:11-cv-00216-BAE-GRS<br>) |
| CHARLES BRISBIN, | )<br>) |
| Defendant. | )<br>) |

## PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANT'S MOTION FOR STAY ON ACCOUNT OF BANKRUPTCY

Plaintiff Maverick Entertainment Group, Inc. ("Plaintiff") hereby files this Response in Opposition to Defendant's Motion for Stay on Account of Bankruptcy.

### I. INTRODUCTION

On August 25, 2011, Plaintiff filed the Complaint in this action. Doc. 1. Defendant Charles Brisbin ("Defendant"), appearing *pro se*, filed his Answer on November 15, 2011. Doc. 9. On November 30, 2011, counsel for Defendant filed his Motion for Stay on Account of Bankruptcy. Doc. 11. Plaintiff opposes this motion for the reasons stated below.

II. **ARGUMENT**

Defendant argues that "[t]he bankruptcy filing automatically stays further prosecution of this civil action, pursuant to 11 U.S.C. § 362." Defendant's argument is incorrect. Because of the nature of the claims presented in the Complaint and the date that the underlying cause of action arose, this action is not subject to the automatic stay.

> The Bankruptcy Code provides, in relevant part, that a bankruptcy filing operates as a stay, applicable to all entities, of—
> (1) the commencement or continuation, including the issuance or employment of process, of a judicial, administrative, or other action or proceeding against the debtor that *was or could have been commenced before the commencement of the case under this title*, or to recover a claim against the debtor that arose before the commencement of the case under this title;
> . . .
> (4) any act to create, perfect, or enforce any lien against property of the estate;
> (5) any act to create, perfect, or enforce against property of the debtor any lien to the extent that such lien secures a claim that arose before the commencement of the case under this title; [and]
> (6) any act to collect, assess, or recover a claim against the debtor that arose before the commencement of the case under this title
> . . . .

11 U.S.C. § 362(a) (2006) (emphasis added).

This civil action does not fall within any of these sections and is not subject to the automatic stay. Defendant filed his petition for bankruptcy on June 25, 2009. Def.'s Mtn for Stay. The alleged infringement on which this suit is based occurred

on June 3, 2010. Compl. ¶ 21. Hence, the cause of action did not occur prior to the petition for bankruptcy, nor could this suit have been brought prior to the petition for bankruptcy, and the suit would not be subject to the automatic stay pursuant to 11 U.S.C. § 362(a)(1). *See Broadcast Music, Inc. v. Game Operators Corp.*, 107 B.R. 326, 327 (D. Kan. 1989) (holding, by district court, that copyright-infringement suit was not stayed by defendant's bankruptcy filing when defendant had filed petition prior to the alleged infringement).

Likewise, this suit is not an action to "create, perfect, or enforce any lien against property of the estate." U.S.C. § 362(a)(4). Only the execution of a judgment actually procured—and not the underlying suit itself—constitutes an action to create a lien that would fall within the stay provision of Section 362(a)(4). *See In re Anderson*, 23 B.R. 174, 175 (Bankr. N.D. Ill. 1982) (citing *In re York*, 13 B.R. 757, 758 (Bankr. D. Me. 1981) ("While relief from stay is not necessary in order to pursue a post-petition claim against a Chapter 13 debtor, once the claim is reduced to judgment a creditor must obtain relief before he attaches or executes on property of the Chapter 13 estate.")); *see also Turner Broadcasting System, Inc. v. Sanyo Electric, Inc.*, 33 B.R. 996, 1000 & n.2 (N.D. Ga. 1983) (concluding that "the plain language of the statute, the legislative history, the purposes for which the statute was enacted, and strong policy reasons all warrant the conclusion that

3

section 362(a)'s automatic stay does not apply to a case commenced after a bankruptcy petition is filed," and that only a lien on a judgment obtained on the case would constitute action to "create, perfect, or enforce any lien" within the meaning of the statute).

III. **CONCLUSION**

For the foregoing reasons, Plaintiff requests that this Court deny Defendant's Motion for Stay on Account of Bankruptcy, as this lawsuit does not fall within the automatic-stay provisions of the Bankruptcy Code.

Respectfully submitted this 2nd day of December, 2011.

                                 s/Elizabeth Ann Morgan
                                 Elizabeth Ann Morgan
                                 Georgia Bar No. 522206
                                 THE MORGAN LAW FIRM P.C.
                                 260 Peachtree Street
                                 Suite 1601
                                 Atlanta, Georgia 30303
                                 TEL:  404-496-5430
                                 FAX: 404-496-5431
                                 morgan@morganlawpc.com
                                 *Counsel for Plaintiff*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

|  |  |  |
|---|---|---|
| MAVERICK ENTERTAINMENT GROUP, INC. | ) ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) ) | CIVIL ACTION NO. 4:11-cv-00216-BAE-GRS |
| CHARLES BRISBIN, | ) ) | |
| Defendant. | ) ) | |

**CERTIFICATE OF SERVICE**

I hereby certify that on December 2, 2011, I presented the **RESPONSE IN OPPOSITION TO DEFENDANT'S MOTION TO STAY ON ACCOUNT OF BANKRUPTCY** to the Clerk of Court for filing and uploading to the CM/ECF system, which will automatically send notification of the filing to the following attorney of record:

Judson Hill
Gastin & Hill
P.O. Box 8012
Savannah, GA 31412
(912) 232-0203

5

I hereby certify further that service was sent via U.S. Mail to the following non-CM/ECF participants:

Charles Brisbin
214 East Deerfield Road
Faulkville, GA 31302

Respectfully submitted,

s/Elizabeth Ann Morgan
Elizabeth Ann Morgan
Georgia Bar No. 522206
THE MORGAN LAW FIRM P.C.
260 Peachtree Street
Suite 1601
Atlanta, Georgia 30303
TEL:   404-496-5430
FAX:   404-496-5431
morgan@morganlawpc.com
*Counsel for the Plaintiff*